May it please the Court, my name is Joan Pepin on behalf of the Environmental Protection Agency. The question before the Court today is whether a Court can compel a defendant to comply with superseded law. Every Court, this Court, the Supreme Court and other Courts of Appeals that has examined this question has held that the answer is no. There is not one single case that we're aware of or that has been cited to this Court affirming the denial of Rule 60b-5 relief in this situation. The rule is, as this Court stated in Toussaint v. McCarthy, that when a change in the law authorizes what had previously been forbidden, it is an abuse of discretion to refuse to modify an injunction founded on the superseded law. Now, the plaintiffs deny that that's the rule. They argue that the Supreme Court in RUFO said only that it may justify modifying the injunction when the law changes. However, what RUFO actually said was modification of a consent decree may be warranted when the statutory or decisional law has changed to make legal what the decree was designed to prevent. Now, the Court then went on to explain why in the case of consent decrees, the parties may have voluntarily agreed to do more than the in the case of a consent decree, it might remain equitable to continue to require compliance with the injunction going forward based on that contractual consent. However, five years later in Agostini, in a case where there was no contractual consent, it was not a consent decree, the Supreme Court held that a change in the law that made legal what the injunction had prohibited entitled the petitioners to relief. And the Supreme Court held the same thing in railway employees, holding that that it would be an abuse of discretion to deny a modification of the present injunction if it had not resulted from a consent decree, we regard as established. So the rule governing this case is the one stated in Toussaint, and in railway employees, and in Agostini, and in California Department of Social Services versus Levitt, that when the law has changed after judgment, to make legal what the injunction prohibits, the injunction can no longer be enforced. And it is an abuse of discretion to deny relief in that circumstance. Counselor, the rule 60 B says that it should be for equitable reasons. It sounds like you're arguing for a per se rule, though, to me, the word equitable does suggest some sort of balancing of factors. How do you address that? Well, of course, the rule is addresses all conceivable situations, factual and legal that might arise. And equity, there are some circumstances that are so overwhelming, that it would be an abuse of discretion to deny them. Now, when a lack of a legal duty is one such circumstance, as the Supreme Court has explicitly held, and this court has held as well. Of course, there are many other cases, where perhaps when considering whether the consent of the parties, you might consider the equities in that case, or certainly if you're alleging that the decree has become much more onerous under the facts. For example, in Rufo, the court rejected the argument, but the petitioner had argued, well, the sheriff had argued that the jail population was so much larger than anticipated that they needed to do double selling, even though they had promised that they would not. There, the equities are appropriate. But it's not that they are, the court always has discretion. But as the Supreme Court said in Agostini, while it is true that the trial court has discretion, the exercise of discretion cannot be permitted to stand if we find that it rests upon a legal principle that can no longer be sustained. And the injunction in this case, rests upon a legal conclusion that EPA has a legal duty to promulgate a federal plan immediately, in advance of the actual deadline under the law now, which is sometime in 2021. And that legal proposition can no longer be sustained after the change in the law. And therefore, it is an abuse of discretion to continue to compel compliance with superseded law. Question, counsel, if we were to disagree with you that there's essentially a per se rule, would you lose? You didn't seem to challenge any of the other harm factors that the district court considered. Well, we challenged the ones that the district court, the only things that the district court considered, said those cases were distinguishable because it was a third party that affected the change in the law, said that maybe EPA will keep changing the law, which we think was, you know, unwarranted speculation that doesn't justify its failure to recognize the change in the law that actually occurred. And then about the other circumstances, the only circumstance that looked at is that the change in the law does not forbid EPA from publishing the plan earlier than currently required by law. And that exact same reasoning was relied on by the lower courts and railway employees. In that case, the injunction prohibited union shops, the law changed to allow union shops, but it was still legal not to have them. And that was a consent decree, too. So the lower courts continued to enforce the injunction, and the Supreme Court reversed simply based on the change of the law and the fact, given the consent decree, that the parties, the record showed that the parties had attempted to conform their conduct to the law. I believe the district court also considered the harm to the plaintiffs or injury to the plaintiffs. Is that a legitimate concern? Not when there is no legal duty, because the fundamental minimum of a valid court judgment is that it enforces a legal duty. Courts cannot compel defendants to do things that are not required by law just because they might be good policy or help the plaintiff in some way. There has to be a legal duty. And at the time this judgment was issued, there was. But that legal duty has since been altered by a change in the law, and it no longer exists. And under those circumstances, it is an abuse of discretion and an abuse of discretion to deny relief from the prospective effect of that judgment. I would add that there are different in terms of the prospective relief. In a lot of these other cases, prospective relief requires the court to really manage the situation. For example, prison, day-to-day for the future. Here, the prospective relief is really a deadline, a one-time deal here. So does that have any impact, the fact that the prospective relief here really isn't your traditional relief? It does it for several reasons, Your Honor. First of all, I'd like to point out that the plaintiffs, the appellees, have never made the argument that this injunction is not prospective relief. Of course, Rule 60b-5 only applies to the prospective effect of a judgment. And they have never argued that this doesn't have prospective relief effect, and for very good reason. It requires EPA, in the future, to promulgate a regulation establishing a regulatory plan that will require years' worth of deadlines and monitoring and submissions by the regulated community. Injunctions are inherently prospective in their effect. There's been no argument to this court or the court below to the contrary. The fact that it is one thing, as far as the court's concerned, although not one thing as far as EPA is concerned, does not distinguish this case from other cases in which courts have found it to be an abuse of discretion to deny relief. In Wheeling Bridge, it was just take the bridge down. One thing. But the court held that because the law had been changed by the competent authority, the decree of the court could no longer be enforced. So the court's finding that those cases, the precedence in this case, Wheeling Bridge, Railway Employees, Agostini, Levitt, can be distinguished on the grounds that they were affected by, the change in the law was affected by third parties. This is not a valid basis for refusing to follow those precedents. It may be rare, the circumstance that we're in here, where the lawmaker is also the litigant, but it's just a natural consequence of the fact that the power to enforce that regulation, but it certainly does not have the power to enjoin the agency from changing its own regulations. It has that power. And as the D.C. Circuit held in NAACP versus Donovan, nothing, an order compelling an agency to comply with its regulations does not prohibit the agency from subsequently changing that regulation and complying with the new regulation. Having treated the original regulations as binding law, the court then dismissed the modifications of the law as mere unilateral act of a party, and that is inconsistent. The regulations do have the the force of law, both in their original form and in their modified form, and the court abuses discretion in failing to give effect to that change in the law. Now the plaintiffs have argued that if the district court doesn't get to decide whether the old law or the new law should be enforced in this injunction, that that would be a separation of powers problem. And that argument is wrong. It was rejected by both this court and the Supreme Court. It was rejected back in Wheeling Bridge. Pennsylvania made the same argument that Congress can't change the form of judgment to this court, that would be a separation of powers. And the Supreme Court held that if there had been a damages award, Congress, the new statute couldn't have changed that, but it did. A change in the law by the competent authority made prospective enforcement unavailable. And similarly in Mount Graham Coalition, this court followed Wheeling Bridge and held that a very similar change in the law to what we have here does not violate, that there's no violation of the separation of powers even though the change in the law makes the judgment of the court unenforceable going forward. The district court also relied on pure speculation that EPA might modify the regulations again in a few years time. And it is just, it's error to rely on speculation. There's nothing to support that notion. It's purely hypothetical. And in speculating that this future regulatory change might occur, the court failed to give effect to the Moreover, if there were to be any future change, which for the reasons we've explained in our brief, is not really plausible. The regulatory change merely conformed the regulations to the statute as amended by Congress. So a future regulatory change is very, very speculative here. But if it were to occur, it would be judicially reviewable, just as the current regulatory changes are being by the DC circuit. Counsel, I guess the one question I have, so are you saying that the EPA is harmed by having to comply with the law, even though you could do it anyway? Because I think I said the district court held that you could complete the plan within the timeframe anyway. So what's the harm then, if since you could do it anyway? Well, the harm is to EPA's institutional interest in being able to use its policy judgment and amend its own regulations and give effect to those regulations. It has validly gone through a notice and comment process. It took the better part of a year. That started long before the judgment in this case, and the court was well aware of it. And it changed its regulations. It is entitled to do that. It was not and cannot be enjoined from doing that. And now that the law has changed, the universal rule that there is no case to refute is that a change in the law of this nature makes it an abuse of discretion to deny relief from judgment. So we would ask that the court reverse the district court's denial of Rule 50B5, 60B5 relief. And I'll reserve my time for rebuttal unless the court has further questions. I appeal to the court. I'm Susanna Weaver, and I represent the Environmental Defense Fund. I'll be spending the first 15 minutes of my colleague's time discussing why the district court correctly considered all the circumstances in declining to disturb its final unappealed judgment. And then my colleague, Ms. Rumsey, representing the state of California, will spend the last 15 minutes discussing why the district court's discretionary decision under the unique discretion. This court's choice is stark. EPA's only argument in this appeal is that there is a per se rule that where there is a change of law that permits what an injunction forbids, the district court is always required to disturb its final unappealed judgment regardless of any other circumstance. So the question on appeal isn't whether the district court could have come granted EPA relief, and we've never argued against that. It's not even whether the district court should have granted EPA relief under these circumstances. The narrow question presented here is whether the district court had authority to consider those circumstances at all. And let me give you three reasons why it did and why EPA's per se test must fail. First, as Your Honor just terms, a court may relieve a final judgment where applying it perspectively is no longer equitable. And as Justice Scalia explained in Ploutney-Spendthrift, Rule 60B doesn't impose a mandate to reopen but merely reflects and confirms the court's own inherent and discretionary power to set aside a judgment whose enforcement would work in equity. Second, the Supreme Court, interpreting that plain language, set out the modern flexible standard in RUFO, and that's the standard that EPA urged the district court to apply and held. When would it ever be equitable to force someone to do something that they're legally allowed to do? So there is a legal duty in this case. Ms. Pepin suggests that there's no legal duty, but there is a final court order that springs from a federal dispute and that furthers the objectives of federal law, as the Supreme Court said. But the final court order was based off of the law at the time. So that doesn't mean that there's a legal... The external legal duty no longer exists, right? Well, and Rule 60B-5 explicitly contemplates this situation where you have a final court order, which this court has said there's a strong federal interest in ensuring that judgments of federal courts are meaningful and enforceable, and you have a new law. And in that situation, Rule 60B-5 places the decision of which of those two should control squarely within the discretion of the district court. So, but when would it ever be equitable to have to follow a law, follow a rule that doesn't exist anymore? So in this case, Your Honor, EPA hasn't shown any inequity. We have a new final rule that requires EPA to promulgate a federal plan within two years. The district court's decision requires EPA likewise to promulgate a rule on a date that falls within two years. There is no conflict between that final unappealed judgment, the last word of the courts on the matter, and EPA's rulemaking. And EPA has never said that it's not in the public interest to promulgate a federal plan. It has only disputed when it has to do that. That is just a parochial interest of the agency and not the same kind of interest as in many of the other cases where you have a congressional shift. Railway employees says the court needs to be able to reflect a change in the, when Congress changes the policy, the courts need the flexibility to reflect that new policy. But the policy hasn't changed. I have a question. I have a question for you. If the court decides someone violated the original order, could it hold that person in contempt and put them in jail, even though that there's a subsequent action, you know, by the EPA? What about it? Can you put them in jail? No, I don't. Your Honor, I don't know the answer to that question and whether an EPA official could be put in jail for failing to comply with the court's order here. And I think that would present the court in exercising its equitable discretion could decide that that is certainly an inequitable result. But that's not close to what we're faced with here. EPA has essentially said it's painless to issue this federal plan. Why does that matter? I mean, I think it's not close. I mean, it is close because the court is saying that EPA has to do something it doesn't have to do by law. I mean, whether or not it's by pains of what damages or jail, I don't understand how the court, the district court could say that. So the district court, it's Rule 65. Under Rule 65, the district court's order is enforceable until and less than until it is modified by the district court. Rule 65b-5 recognizes that here we have an agency that was on the losing end of a final judgment that did not appeal that judgment, did not say to this court, and it had conceded liability, it didn't say to this court, we can't meet that deadline that the district court did. It circumvented the courts and put into a rulemaking saying, we need more time because it might be time consuming, it might be complex when they were literally two days away from being able to complete this duty. And, you know, one other circumstance that I'd like to really highlight that your honor brought up here is that this injunction is very different from virtually from basically every case EPA cites. The source of the power to modify, as Railway Employees says, is that there's continuing supervision by the courts. And here, this is not a prophylactic preventative injunction. This remedies one long past violation, a years ago violation. It is not directed, as the Swift court said, at events to come, or the Rufo court said, it's not designed to prevent anything. It's a wholly consummated violation of two years ago. And I think you could think of it as akin to, you know, a hazardous waste bill and a remediation order. The district court could not order EPA to comply two years prior. That was physically impossible. So it did the next best thing. And it ordered a date, a date future deadline at the earliest date that it found feasible. I think that's almost more in the nature of restitution here, as opposed to a continuing supervision. Toussaint said that the district court took too much control over the day-to-day affairs. That's not what's going on here. It's a single action. It's one that EPA is poised to do. And once EPA does it, the district court supervision ceases. This is not the kind of case that 60B5 gives the courts the power. I'm going behind the veil a little bit here. It seems like your major compliance and maybe the district court's objection is, you know, you believe that EPA is an abiding by its obligation, is playing games a little bit with the deadlines. And I don't know, maybe that's the case. But isn't there, you know, the proper remedy to challenge that new rule that changed deadlines and the D.C. Circuit, you know, EPA challenge, rather than trying to smuggle this in through a Rule 60B, where, you know, they changed the rules. Maybe that was they didn't do it in a kosher way, and you could challenge it. But this seems like a little bit of an odd way to go about doing it through Rule 60. Sure, Your Honor. And we have challenged, we have challenged that rule in the D.C. Circuit. But in this case, we had a final judgment that has the force and effect of federal law. And it's EPA that sought to change it through a modification. And it's placed within the question presented here is whether the district court abused its discretion in failing to modify its final unappealed judgment. And the question presented in the D.C. Circuit is different. It's whether EPA's rule is valid at all. And we haven't challenged that in this venue. Has there been any case where a court has refused to modify an injunction, even though the underlying law has been changed? So I don't know that there's, we have a case where a court has refused to modify an injunction, although in RUFO, which regarded a consent decree, and I can talk about why consent decrees and injunctions have to be treated the same, that it got remanded there to the district court to consider whether the change in law warranted a modification that the district court decided it didn't. And that was affirmed by the First Circuit. But more importantly, EPA doesn't have any case that's the district over here was not purporting. What about Wheeling Bridge? Didn't the court in Wheeling Bridge say that a bridge had to be destroyed in the future, but because of the change in law, the Supreme Court said that it would be an abuse of discretion to force that bridge to be destroyed? Yes, in Wheeling Bridge, the injunction not only required the bridge to be destroyed, but so it could not be rebuilt. It had to stay gone. And Wheeling Bridge is a very different circumstance than here because there was a direct conflict. The federal court injunction said you have to take down that bridge and you cannot rebuild it. And then the new statute said this bridge is a postal road. Now it couldn't be both. So we think Wheeling Bridge falls squarely into RUFO, the RUFO statement where RUFO says a consent decree must, of course, be modified as it later turns out one or more of the obligations placed on the party becomes impermissible under federal law. But modification only may be warranted when the statutory or decisional law has changed to make legal what the decree was designed to prevent. So we think Wheeling Bridge... Well, I don't know. I mean, did the Wheeling Bridge law, the law that Congress passed, require them to not destroy the bridge? Well, it required that it be a postal road, and if it's not there, it can't really be a postal road. And I think, you know, I think two different formulas for foster care eligibility. You have one or the other. There was a direct conflict there. And similarly with American Horse, with NAACP, you know, you can't both be directed to preserve wild horses and to immediately remove them. So I think all those cases are quite different from this one and really fall into the first sentence of RUFO's explanation of when relief is mandatory and when it's discretionary. Turning back just briefly to the question about the D.C. Circuit, I want to point out two things. One is that, you know, plaintiffs were in the D.C. Circuit many years ago when EPA put a stay on this rule and were not implementing it. Go to the district court. Plaintiffs did go to the district court. EPA then said the district court didn't have jurisdiction. Now they're saying go back to the D.C. Circuit if you have a problem with this rule. And if we win in the district, sorry. No, you did ask for a stay of the new regulations in the D.C. Circuit? No, we did not ask for a stay of the new regulations. A prior case challenging the first time EPA attempted to stay these guidelines. But even if we prevail in the D.C. Circuit, it's not at all clear and EPA is likely to argue that that court cannot grant us injunctive relief, can't grant us a date certain deadline. So it's not at all clear that we could get the relief there that we can get here. That court might just vacate the delay rule and EPA, as it argued in that initial stay case, would probably say you have to go back to district court if you want an injunction here. So we believe for all the reasons that we've argued and I stated that this court should affirm the district court. But if it doesn't, we would ask this court to remand with instructions to the district court to stay the injunction pending the outcome of the D.C. Council. And actually, I'll give Ms. Rumsey an extra few minutes to finish. So additional, let's put it, make four minutes on the clock there. Thank you, Your Honor. We would ask that this circuit, that this court affirm the district court. Good morning, Your Honors. May it please the court. Liz Rumsey on behalf of the state of So EPA asserts, as we've discussed, that where there's been a change in the operative law, the district court is prohibited always from enforcing a final judgment. No other circumstance may be taken into account in making what EPA agrees is an equitable determination. In no small part, the asserted basis for EPA's rule is simply that there's no template for this case. But what's important here is not that there be a template for this case, but that the district court applied the correct standard. And Rufo and Bellevue tell us that a flexible totality of the circumstances test applies to all 60B5 petitions brought under the rules equity provision. EPA also relies heavily on Augustine. It's already raised the case twice. But from that case, we know that every 60B5 determination is, quote, intimately tied to the context in which it arose, unquote. This case is no exception. It presents a set of circumstances that is unique from every case upon which EPA relies. No one factor is determinative. And you've already discussed many of the circumstances that make this case unique. But I would like to highlight a few of them again. First of all, the change of law and what it is not. It is not a constitutional provision, as it was in Augustine and Toussaint, or a statute enacted by Congress, as in most other cases cited by EPA. And I'll note that that alone is a relevant circumstance. Augustine stated a court may recognize subsequent changes in either statutory or decisional law, full stop. Yes. Question is, what's the remedy for a violation of an injunction? The remedy for a violation? You're going to hold the EPA in contempt of court? Your Honor, I don't know specifically what consequences would befall EPA. But yes, the district court is entitled to enforce its order, which, again, is not weightless in this analysis. So we're not arguing regulations. Go ahead. That's the value of an injunction. Injunction makes people do things if they're doing things that aren't violative of the law. What do you do to them? You fine them or put them in jail? Your Honor, I do not believe anyone would go to jail in this particular case. I do think that the court retains jurisdiction to enforce its order. And I think that the EPA, as a respectable agency, knows when it needs to do what it's been ordered to do. And it's within its right to assert this motion and to assert these arguments. But if this court decides that it should affirm the district court's decision, then EPA will do what it needs to do. And I'm not really concerned that we don't argue that a regulation cannot provide basis for relief under Rule 60b-5. But the court's final judgment, again, is not weightless. It's a federal final judgment under federal law. And it's not just that this is a regulation. This is a regulation that was promulgated by EPA itself during the course of this litigation. But doesn't that factor account the other way? I mean, the district court's judgment was also based off of a regulation. That's true, Your Honor. But the nature of this remedy is also important, as Weaver explained. So the violation at issue here is germane to the analysis, just like all the other circumstances. So this isn't an issue where you have ongoing conduct that the injunction is trying to govern. You don't have future events to come. This isn't designed to prevent anything. This is designed to say that EPA violated the statute, rejected, and the plaintiffs are entitled to a remedy. The plaintiffs essentially are entitled to a benefit here. And the benefit is the reduction of these emissions. EPA should have done it long ago, and it can do it in one small step. And then there's nothing else for this court to supervise. Are you suggesting that that's one of the equitable factors, the clean air? Certainly. Go ahead. No, you think that the Clean Air Act's seeking to mitigate pollution, that's a factor that district court should consider under Rule 60B on whether or not to reconsider? So that is certainly a factor that the court did consider, Your Honor, that there's harm. There's ongoing harm to plaintiffs in this case. And I wouldn't say that that's the heaviest factor in this analysis. The others that I'm focusing on, I think, weigh more. But absolutely, the district court understood that every day that goes by is additional harm to plaintiffs in terms of emissions not being reduced the way these emission regulations intended. So yes, that is one small factor in the analysis here. But the larger factors, again, are the nature of the change of law, the nature of the injunction at issue here. And I want to of the laws at issue in this case. It can comply with the court's order, and it can comply with its new regulation, which requires that within two years it issue this federal plan. I just want to mention in rounding out this point on the circumstances that what we have here is essentially the opposite. I see that my time is up. So in closing, I would just like to say that we, again, request that you affirm the district court's judgment. And I think this is the very case that the Supreme Court, the Ninth Circuit, and all the other circuits had in mind when they have, at every turn, maintained court's discretion to take all the circumstances into account in these analyses. Thank you, Your Honors. Thank you. I believe you're on mute. Sorry, you were on mute. I'm not from my end. Perhaps I am from your end. We can hear you now. Okay, great. So I heard two arguments. One is the one that the district court relied on saying, well, there's no conflict. The agency could do this, even though the law no longer requires it to do so. And I would just repeat that the Supreme Court rejected that reasoning in railway employees. The lower courts have relied on precisely that reason. It was perfectly legal to not have a union shop, and yet the court held that it was an abuse of discretion to compel the union not to have a union shop when the law did not require that. Similarly, in Agostini, which came after Rufo, and is consistent with Rufo, but in that case, the school district certainly could have continued to provide services to the parochial school children in other locations as they were compelled to do under the injunction. But when the underlying decisional law no longer required that, the court held that they were entitled to relief from the judgment that the injunction compelling them to do so. I also heard them say that this injunction doesn't require ongoing continuing supervision, that it's not an institutional reform decree. I have two responses to that. First of all, as they pointed out, in Bellevue Manor, this court held that there is no difference between institutional reform consent decree injunctions and other types of decisions that get reviewed under Rule 60b-5. The holding of Rufo, making Rule 60b-5 relief more generally available than it had been under Swift, is not limited to the institutional reform decree context. Moreover, in Rufo, the Supreme Court discussed institutional reform litigation and described it as decrees that reach beyond the parties involved directly in the suit and impact on the public's rights to the sound and efficient operation of its institutions. The injunction here certainly falls in that category. It goes beyond the rights of the eight plaintiff states and would require the imposition of a federal plan on 42 states that not have approved state plans. It imposes onerous regulatory obligations on municipalities and operators of these municipal solid waste plants. What question? The opposing counsel suggested one option might be to stay the injunction in the district court pending the resolution of the merits in the D.C. Circuit on the new regs. Do you see anything wrong with that? We suggested it twice in the district court, Your Honor, and the plaintiff said that it was unacceptable to them and the district court did not do it. But no, that's certainly, you know, the regulations have changed. They have not moved to stay them. In fact, in their briefing, they have made no, well, I'll leave that point aside. I would say at least one of the regulations is not likely to change, but the other one hasn't been briefed yet. So that remains to be seen what's going to happen there. The final point I'd like to address is this argument that we have two sources of law, the regulation and the judgment. That's essentially a circular argument. The judgment rested on the old regulation. Now that that regulation is no more, there is no legal duty to support the judgment. The argument that they're making that the court gets to make a choice between this judgment, which enforces a non-existent legal duty and the regulation, is a circular argument and is not correct. The absence of a legal duty is a circumstance that sweeps aside all other circumstances. That has been the holding of this court in the Supreme Court and of the D.C. Circuit in several cases. It is abuse of discretion to require continued compliance with an injunction when the law has changed to make permissible what the injunction prohibits. In this case, not promulgating a federal plan until the deadline under current law. And therefore, the district court abused this discretion by compelling EPA to do it sooner and this court should reverse that decision. Thank you, Your Honor. Thank you. This was very helpful and an excellent job for everyone. The case has been submitted.
judges: Siler, Lee, Bumatay